IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISELA RAMOS, | No. 2:17-CV-1007-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 13) and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

1

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on May 14, 2014. See CAR 28.[1] In the application, plaintiff claims that disability began on April 26, 2014. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on November 13, 2015, before Administrative Law Judge ("ALJ") Christopher C. Knowdell. See id. In a December 10, 2015, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): schizophrenia and schizoaffective disorder;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: full range of work at all exertional levels, except the claimant is limited to simple routine repetitive work and is not capable of working with the public;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

See id. at 30-39.

After the Appeals Council declined review on March 17, 2017, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to

---

[1] Citations are to the Certified Administrative Record lodged on September 5, 2017 (Doc. 12).

support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ failed to articulate sufficient reasons for rejecting the opinions of treating psychiatrist, Dr. Koike.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

///

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

The ALJ summarized Dr. Koike's findings and opinions as follows:

> The claimant's treating psychiatrist, Alan Koike, M.D., wrote a letter on 03/30/2015 that stated the claimant was seen at Adult Psychiatric Support Services Clinic on 03/24/2015, suffers from schizoaffective disorder, and her treatment plan includes case management and medication management (Exhibit 8F). Additionally, Dr. Koike completed a medical opinion ability to do work related activities (mental) on 04/25/2015 and opined the claimant was seriously limited but not precluded in her ability to understand, remember and carry out very short and simple instructions, and adhere to the standards of neatness and cleanliness (Exhibit 7F). Dr.

> Koike opined the claimant was unable to meet competitive standards to remember work-like procedures; maintain attention for 2-4 hour segment; maintain regular attendance and be punctual within customary, usually strict tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being unduly distracted; make simple work related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform at a consistent pace without an unreasonable number and length of rest periods; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes; respond appropriately to changes in a routine work setting; deal with normal work stress; be aware of normal hazards and take appropriate precautions; understand, remember and carry out detailed instructions; set realistic goals or plans independently of others; deal with stress of semiskilled and skilled work; interact appropriately with the general public; maintain socially appropriate behavior; travel to unfamiliar places; and use public transportation (Exhibit 7F). Dr. Koike opined the claimant was disabled and unable to work in any capacity (Exhibit 8F).

CAR 34.

The ALJ then discussed the opinions of Dr. Kathleen Marshall, also with Adult Psychiatric Support Services Clinic and as to whom plaintiff raises no argument, see id. at 34-35, and continued as follows:

> . . .Only acceptable medical sources can provide medical opinions to establish the existence of a medically determinable impairment and how it affects the individual's physical and mental functioning (citation omitted) Here, Dr. Koike and Dr. Marshall are acceptable medical sources under the Regulations. While the Regulations require consideration of medical sources who are not "acceptable medical sources," the Regulations provide detailed rules for such an evaluation. One factor we consider is supportability, i.e., the degree to which the "acceptable medical source" presents an explanation and relevant evidence to support an opinion, particularly medical signs and laboratory findings (citations omitted). Here, a review of the records showed the claimant was seen my [sic] four different medical students under Dr. Koike supervision and never personally treated by Dr Koike. Dr. Koike's opinion was solely based on the claimant's subjective complaints regarding her mental symptoms as he never treated her and the mental health notes in her file were created with the medical student and Dr. Koike showed effectiveness of psychotropic medication with compliance and mental status exams within normal limits (Exhibit 6F). . . .

Id. at 35.

Plaintiff argues that the ALJ erred in stating that Dr. Koike had never treated plaintiff because, contrary to the ALJ's statement, Dr. Koike saw plaintiff on two occasions in March 2015.

Plaintiff's argument is unpersuasive. Even assuming that the ALJ was incorrect in stating that Dr. Koike never treated plaintiff, the fact remains that Dr. Koike's opinions are set forth on a check-the-box form and none of the opinions are explained with specific references to objective evidence. Plaintiff's only response to this issue is set forth in her reply brief as follows:

> . . .In this modern age, the size of medial files is simply exploded. To take that explosion and two square it for the purposes of litigation by attaching chart notes to a medical opinion where those chart notes already appear in the record is not only objectionable even in the administrative law setting, it is obnoxious.

While plaintiff may find it obnoxious, the law is clear that the Commissioner need not give weight to conclusory opinions. See Meanel, 172 F.3d at 1113. Because Dr. Koike's opinions are not supported with reference to objective evidence, they are conclusory and the ALJ did not err in rejecting them as such.

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 13) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 18) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: August 27, 2018

_/s/ Craig M. Kellison_
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE